PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00268-DAD-BAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| JOHNATHAN ELDON MOSS, JR., | CURRENT DATE: July 13, 2022 |
| Defendant. | TIME: 1:00 p.m. |
| | COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on July 13, 2022. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and other General Orders were entered to address public health concerns related to COVID-19 (for example, General Order 614—recently extended by General Order 652).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    Although the General Orders address the district-wide health concern, the Supreme Court has
2    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
3    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
4    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
5    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
6    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
7    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
8    or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
10   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-
11   justice continuances are excludable only if "the judge granted such continuance on the basis of his
12   findings that the ends of justice served by taking such action outweigh the best interest of the public and
13   the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
14   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
15   the ends of justice served by the granting of such continuance outweigh the best interests of the public
16   and the defendant in a speedy trial."  *Id.*

17   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
18   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
19   natural disasters, or other emergencies, this Court has discretion to order a continuance in such
20   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
21   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
22   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
23   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
24   September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a
25   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26   In light of the societal context created by the foregoing, this Court should consider the following
27   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
28

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and JOHNATHAN ELDON MOSS, JR., by and through defendant's counsel of record, Barbara Hope O'Neill, hereby stipulate as follows:

1. By previous order, this matter was set for status on July 13, 2022.

2. By this stipulation, defendant now moves to continue the status conference until October 26, 2022, and to exclude time between July 13, 2022, and October 26, 2022, under Local Code T4.

3. Counsel for the defendant was appointed by the court on February 11, 2022.  The government has provided initial discovery to current counsel and is coordinating with her regarding additional discovery.

4. While the parties anticipate that the case may resolve without a trial, this is not yet a certainty.  If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

   a) The government asserts the discovery associated with this case includes reports, photographs, and recordings.  Initial discovery has been provided to counsel. The government is aware of its ongoing discovery obligations.

   b) Counsel for defendant desires additional time to consult with her client, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to discuss potential resolutions with her client, to prepare pretrial motions, and to otherwise prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

    d)  The government does not object to the continuance.

    e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 13, 2022 to October 26, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 28, 2022          PHILLIP A. TALBERT
                    United States Attorney

                    /s/ JESSICA A. MASSEY
                    JESSICA A. MASSEY
                    Assistant United States Attorney

Dated: June 28, 2022          /s/ BARBARA HOPE O'NEILL
                    BARBARA HOPE O'NEILL
                    Counsel for Defendant
                    JOHNATHAN ELDON MOSS, JR.

**ORDER**

IT IS SO ORDERED that the status conference is continued from July 13, 2022, to **October 26, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **June 30, 2022**              /s/ *Barbara A. McAuliffe*            
                                          UNITED STATES MAGISTRATE JUDGE